IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAZJUAN KAHLIL BRIDGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-062 |
| | ) | |
| EAST CENTRAL REGIONAL HOSPITAL; | ) | |
| JOSEPH BROCK, M.D.; | ) | |
| SHANNISA V. MATHIS; and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Defendants move to stay all discovery related activities, including initial disclosure obligations, as well as the planning conference and the submission of the requisite discovery plan under Fed. R. Civ. P. 26(f) and Loc. R. 26.1.  Plaintiff opposes the motion.  (Doc. no. 21.) For the reasons set forth below, the Court **GRANTS** the motion to stay.  (Doc. no. 20.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case."  Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997).  Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.  This involves weighing the likely costs and burdens of proceeding with discovery.  It may be helpful to take a preliminary peek at the merits of the allegedly dispositive

> motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motion from Defendants, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." Indeed, the motion seeks dismissal of all claims. (See doc. no. 11.) Moreover, Plaintiff does not claim he is unable to file a response to the motion to dismiss without discovery. In fact, his brief in opposition has already been filed. (See doc. no. 13.)

Although Plaintiff fears the destruction of evidence, as United States Judge District Judge J. Randal Hall has already explained earlier in the case, Fed. R. Civ. P. 37(e) provides for the imposition of sanctions on a party if evidence that should have been preserved for litigation is lost because reasonable steps were not taken to preserve it and it cannot otherwise be restored or replaced. (See doc. no. 8, p. 4.) Thus, Plaintiff's conclusory allegations about the potential destruction of evidence, (doc. no. 21, pp. 2-3), do not establish he would be prejudiced by waiting to see if any claims survive the motion to dismiss before proceeding with discovery on any issue(s) which may remain. When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (per curiam) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . . [A]ny legally unsupported claim that would

2

unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

Thus, the Court **STAYS** all aspects of discovery in this action pending resolution of Defendants' motion to dismiss.  Should any portion of the case remain after resolution of the motion, the parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling.  In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

Because discovery has been stayed and no Scheduling Order setting case deadlines had been issued at the time Plaintiff filed his motion to compel, the Court **DENIES** the motion as premature, but without prejudice.  (Doc. no. 19.)

SO ORDERED this 26th day of June, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA